UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHNNY D. TURNER,

        Plaintiff,

v.

PIERCE COUNTY (SHERRIFF P. PORTER), *et al*,

        Defendants.

Case No. C08-5464FDB-KLS

ORDER TO SHOW CAUSE

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983. To file a complaint and initiate legal proceedings plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

On July 22, 2008, the Clerk received plaintiff's complaint and application to proceed *in forma pauperis*. (Dkt. #1). On July 23, 2008, the Clerk sent plaintiff a letter informing him that he had failed to provide a copy of his prison trust account statement showing transactions for the past six months, and that he had provided an insufficient number of copies of the complaint for service. (Dkt. #2). The Clerk also

ORDER
Page - 1

informed plaintiff that if he did not respond to the letter by August 22, 2008, this action could be subject to dismissal. To date, however, plaintiff has not filed any response thereto.

Pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff thus was required to submit a statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his complaint. The Court is unable to determine plaintiff's eligibility for *in forma pauperis* status without that statement. In addition, plaintiff states in his application that he has $1,100.00 in a checking or savings account, stating further that "But Moneys [sic] a Sucured [sic] Loan." (Dkt. #1, p. 2). It is unclear, however, what plaintiff means by this, and whether or not he has access to those funds.

Accordingly, the Court orders the following:

(1) Plaintiff shall seek to cure the above deficiencies by filing **no later than October 8, 2008**, (a) a copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) showing the balance and activity of his account(s) for the six-month period immediately preceding the filing of his complaint, and (b) a written response explaining the nature and status of the $1,100.00 he has in the above-noted checking or savings account and whether he has access to those funds, and (c) provide the Court with **five (5)** copies of the complaint for service on the named defendants.

**Failure to cure these deficiencies by the above date shall be deemed a failure to properly prosecute this matter and the Court will recommend dismissal of this matter.**

1     (2)    The Clerk is directed to send a copy of this Order to plaintiff.

2     DATED this 8th day of September, 2008.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3