1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
9                               AT TACOMA
10
11   JOHNNY D. TURNER,                        Case No.  C08-5464FDB-KLS
12                      Plaintiff,
                                              REPORT AND
13            v.                              RECOMMENDATION TO DENY
                                              APPLICATION TO PROCEED *IN*
14   PIERCE COUNTY (SHERRIFF P.               *FORMA PAUPERIS*
     PORTER), *et al*,
15                                            Noted for November 28, 2008
                      Defendants.
16

17        This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. §

18   636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and

19   an application to proceed *in forma pauperis*.  To file a complaint and initiate legal proceedings, plaintiff

20   must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.  Because

21   plaintiff has failed to respond to the Court's order to show cause, the undersigned recommends the Court

22   deny his application.

23                                        DISCUSSION

24        The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper

25   affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the Court has broad discretion in denying an

26   application to proceed *in forma pauperis*.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*,

27   375 U.S. 845 (1963).

28        On July 22, 2008, the Clerk received plaintiff's complaint and application to proceed *in forma*

*pauperis.* (Dkt. #1). On July 23, 2008, the Clerk sent plaintiff a letter informing him that he had failed to provide a copy of his prison trust account statement showing transactions for the past six months, and that he had provided an insufficient number of copies of the complaint for service. (Dkt. #2). The Clerk also informed plaintiff that if he did not respond to the letter by August 22, 2008, this action could be subject to dismissal.

On September 8, 2008, because plaintiff had not filed any response to the Clerk's letter, the Court issued an order noting that pursuant to 28 U.S.C. § 1915(a)(2), plaintiff was required to submit a prison account statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his complaint. (Dkt. #4). The undersigned informed plaintiff that since he had not filed a copy of his prison account statement as required, his eligibility for *in forma pauperis* status could not be determined. The undersigned further noted that while plaintiff stated in his application that he had $1,100.00 in a checking or savings account, stating further that "But Moneys [sic] a Sucured [sic] Loan," it was unclear what he meant by this or whether he had access to those funds.

The undersigned gave plaintiff until October 8, 2008, in which to cure these deficiencies, by filing a copy of his prison trust account statement, and a written response explaining the nature and status of the $1,100.00 he had in the above-noted checking or savings account and whether he had access to those funds, and by providing the Court with five copies of the complaint for service on the named defendants. Plaintiff was warned that failure to cure these deficiencies by the above date would be deemed a failure to properly prosecute this matter and the undersigned would recommend dismissal of this matter. To date, however, plaintiff has failed to respond to the undersigned's order.

CONCLUSION

Because plaintiff has failed to respond to the undersigned's order to show cause regarding his application to proceed *in forma pauperis*, the undersigned recommends the Court dismiss plaintiff's complaint unless he pays the required $350.00 filing fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit

imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **November 28, 2008**, as noted in the caption.

Dated this 3rd day of November, 2008.

Karen L. Strombom
United States Magistrate Judge